**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR JUAN AYALA, *Petitioner-Appellant*, | No. 09-99005 |
| v. | D.C. No. 3:01-CV-01322-IEG-PLC |
| RONALD DAVIS, Warden, *Respondent-Appellee.* | OPINION |

On Remand From The United States Supreme Court

Filed February 11, 2016

Before: Stephen Reinhardt, Kim McLane Wardlaw, and Consuelo M. Callahan, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

### Habeas Corpus

On remand from the Supreme Court, the panel affirmed the district court's denial of a habeas corpus petition in a case in which the petitioner sought relief based on a violation of the Vienna Convention.

The panel held that under AEDPA's deferential review, the California Supreme Court's conclusion that the petitioner did not establish prejudice from the state's failure to give consular notice in violation of the Vienna Convention was not objectively unreasonable.

### COUNSEL

Robin L. Phillips and Anthony J. Dain of Procopio, Cory, Hargreaves & Savitch LLP, San Diego, California, for Petitioner-Appellant.

Robin H. Urbanski, Deputy Attorney General of California, San Diego, California, for Respondent-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

We declined to address Ayala's Vienna Convention claim in our previous opinion because we granted relief based on his *Batson* claims. *Ayala v. Wong*, 756 F.3d 656, 662 n.2 (9th Cir. 2014). The Supreme Court reversed our decision regarding those claims and remanded for further proceedings. *Davis v. Ayala*, 135 S. Ct. 2187 (2015). We now affirm the district court's denial of Ayala's Vienna Convention claim and its denial of the writ of habeas corpus.

A state prisoner such as Ayala faces an array of obstacles to obtaining federal habeas relief for a state's failure to give consular notice in violation of the Vienna Convention. *See Medellin v. Dretke*, 544 U.S. 660, 664–66 (2005). The state court denied Ayala's Vienna Convention claim because, among other reasons, he did not establish prejudice. *In re Ayala*, S081267, 2000 Cal. LEXIS 6833, at \*1 (Aug. 30, 2000) (citing *Breard v. Greene*, 523 U.S. 371, 377 (1998)). Ayala does not dispute that prejudice is required. Thus, our conclusion that the state court's no prejudice finding was not "objectively unreasonable" precludes granting relief in this AEDPA case. *Davis*, 135 S. Ct. at 2198.

In *Breard*, the Supreme Court observed that no showing of prejudice "could even arguably be made" in that case as a result of the violation of the Vienna Convention. 523 U.S. at 377. Rather, it found that petitioner's claim that he would have accepted a guilty plea to avoid the death penalty if he had been given advice by the consulate was "far more speculative than the claims of prejudice courts routinely reject" in ineffective assistance of counsel cases. *Id*. Ayala

claims that if he had been afforded consular notice, Mexican officials would have sought to persuade the district attorney to reconsider his decision to seek the death penalty and that these officials have sometimes had success in this regard in the past. Ayala, however, did not present any evidence suggesting that the Mexican Consulate would have succeeded in *this* case, particularly in light of the facts of the crime at issue. Ayala also claims that the Consulate could have secured a "critical guilt-phase witness," but gives no inkling of who this witness is or what he would have said. Finally, Ayala contends that the Consulate would have sent an observer to his trial and given him legal advice. Ayala was represented at trial, however, by two attorneys whose performance has not been called into question.

Although Ayala's prejudice argument is stronger than Breard's, under AEDPA's deferential review it was not unreasonable for the California Supreme Court to conclude that he has not shown sufficient prejudice to prevail on his Vienna Convention claim.

The district court's denial of Ayala's writ of habeas corpus is affirmed.

**AFFIRMED.**